IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| CARNELL CONSTRUCTION CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 4:10-cv-00007 |
| DANVILLE REDEVELOPMENT & HOUSING AUTHORITY, and BLAINE SQUARE, LLC, | ) ) ) ) ) | By: Hon. Elizabeth K. Dillon United States District Judge |
| Defendants. | ) | |

## MEMORANDUM OPINION

Pending before the court are two motions seeking the release of funds previously deposited into the court's registry by the Danville Redevelopment & Housing Authority (DRHA): (1) the motion of the Western Virginia Water Authority (WVWA), which seeks the entire amount of deposited funds, up to the judgment owed by Carnell Construction Corporation (Carnell) to WVWA in the amount of $85,823.33 (Dkt. No. 811); and (2) the motion of Selco Construction Services, Inc. (Selco), seeking $18,448.25 plus interest at the rate of one per cent per month from December 10, 2010, together with costs and attorney's fees (Dkt. No. 813).

For the reasons set forth below, the court will sever the two pending motions and all proceedings related to the deposited funds from this case and direct the opening of a new civil action in which the court can determine the proper distribution of the deposited funds. In this new action, the court will require Carnell to provide notice of the deposited funds, this opinion, and the attached order to all of its known creditors so that all known, possible claimants have notice of the pending motions and the opportunity to file their own petitions or claims and object

to the two already filed. The motions will be addressed after all briefing on any such petitions or claims is complete.

## I. BACKGROUND

The claims in this lawsuit arise from work performed by Carnell Construction Corporation (Carnell) on a large public housing venture in Danville, Virginia, in which Carnell contracted with DRHA to conduct certain site preparation work for the project. DRHA eventually assigned its interest in the contract to Blaine Square, LLC (Blaine). After the contractual relationship soured, this lawsuit ensued. At the last trial, held in August 2012 before Chief United States District Judge Glen E. Conrad, Carnell and the two defendants asserted breach of contract claims against each other. Carnell, a "minority-owned" corporate contractor, also asserted claims of race discrimination and retaliation against DRHA.

The jury returned a verdict in DRHA's favor on the race and retaliation claims, and in Carnell's favor on the contract claims. As relevant here, the court entered final judgment in favor of Carnell as to its claim that the defendants breached the parties' contract by removing Carnell from the project without just cause. (Dkt. No. 763.) The total amount of damages awarded on that claim was $72,490.00, consisting of $12,000 in lost profits and $60,490.00 retainage. (Dkt. Nos. 761, 763.) On appeal, the United States Court of Appeals for the Fourth Circuit affirmed the $72,490 judgment in favor of Carnell on that breach of contract claim, although it reversed and remanded for a new trial on the merits of Carnell's race discrimination claims and for damages on two of Carnell's contract claims for unpaid extra work. (Dkt. No. 799.) The Fourth Circuit denied the parties' petitions for rehearing, no party filed a petition for writ of certiorari with the Supreme Court of the United States, and the mandate issued on April 16, 2014.

On April 18, 2014, DRHA moved the court for permission, pursuant to Rule 67 of the Federal Rules of Civil Procedure, to deposit into the court's registry the $72,490 it owed Carnell on the one contract claim. In its motion, DRHA stated that it had been served with notices of liens against Carnell's recovery of the judgment entered in the case, and that it was aware of other judgment creditors of Carnell. (Dkt. No. 807 at 2–3.) It explained that because of these claims and liens, which exceeded the amount of the affirmed judgment, Carnell's interest in the monies was disputed, and that "DRHA and Blaine Square [would] face the risk of multiple claims and/or liability for the same fund or property if the relief requested [were] not granted." (Dkt. No. 807 at 3.)

The court granted the motion and allowed the funds to be deposited. (Dkt. No. 808.) The court's order noted that, "[u]pon deposit [of the $72,490.00 and post-judgment interest accrued thereon to date], the post-judgment accrual of interest shall halt, and the judgment in favor of Carnell on this count of Carnell's complaint shall be deemed satisfied." (*Id.*) On November 7, 2014, DRHA deposited $72,689.00. (Dkt. No. 809.) The two pending motions followed.

WVWA claims a right to the funds based on an October 30, 2012 judgment in the amount of $85,823.33, which it obtained against Carnell in a case captioned *International Fidelity Ins. Co. v. Western Virginia Water Authority*, No. 7:11-cv-441 (W.D. Va.), Dkt. No. 72 (judgment); *id.*, Dkt. No. 77 (abstract of judgment); *id.,* Dkt. Nos. 76, 78 (November 5, 2013 and October 8, 2014 writs of execution on the judgment). Selco claims a portion of the deposited monies based on a state court suit it filed against Carnell in the Circuit Court of Washington County, *Selco Constr. Servs., Inc. v. Carnell Constr. Corp.,* Case No. 191CL1100546-00, in which it obtained a default judgment against Carnell on July 25, 2011, in the amount of $18,448.25, plus costs of $136 and interest. (*See* Dkt. No. 813-2, copy of judgment.)

3

Case 4:15-cv-00021-EKD   Document 11   Filed 06/08/15   Page 3 of 8   Pageid#: 56

Carnell does not dispute that it owes the money sought by either WVWA or Selco. It nonetheless opposes the disbursement of funds on two primary grounds. First, Carnell asserts that it is "not clear who are the rightful owners of the $72,490." (Dkt. No. 831 at 2.) Carnell notes that there are a number of companies to whom Carnell owes money "because of DRHA's wrongful conduct" and that some of those entities "have valid monetary claims that predate the claims asserted by the WVWA." (*Id.*) Second, Carnell claims that the court should wait to disburse any funds because Carnell may obtain a larger judgment upon retrial of the case, and then it could resolve all the claims of its creditors upon receipt of those additional funds. (Dkt. No. 831 at 2.)

WVWA has filed a response in opposition to Selco's request for funds, but other than that and Carnell's response, there have been no responses to WVWA's or Selco's petitions.

## II. DISCUSSION

DRHA deposited the funds at issue pursuant to Rule 67 of the Federal Rules of Civil Procedure, which allows a party, with leave of court, to deposit money with the clerk of court in satisfaction of a money judgment. Fed. R. Civ. P. 67(a). "Money paid into court under this rule must be deposited and withdrawn in accordance with 28 U.S.C. §§ 2041 and 2042 and any like statute." Fed. R. Civ. P. 67(b).

Section 2041, titled "deposit of moneys in pending or adjudicated cases," provides:

> All moneys paid into any court of the United States, or received by the officers thereof, in any case pending or adjudicated in such court, shall be forthwith deposited with the Treasurer of the United States or a designated depositary, in the name and to the credit of such court.
>
> This section shall not prevent the delivery of any such money to the rightful owners upon security, according to agreement of parties, under the direction of the court.

4

28 U.S.C. § 2041.

Section 2042, titled "Withdrawal," states:

> No money deposited under section 2041 of this title shall be withdrawn except by order of court.
>
> In every case in which the right to withdraw money deposited in court under section 2041 has been adjudicated or is not in dispute and such money has remained so deposited for at least five years unclaimed by the person entitled thereto, such court shall cause such money to be deposited in the Treasury in the name and to the credit of the United States. Any claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him.

28 U.S.C. § 2041.

There is a paucity of case law addressing the procedure or standards for disbursement of funds such as those deposited here. Nonetheless, a few general principles can be gleaned from the authority that exists. First, the funds in the possession of this court's clerk operate as "a trust under which the Court is bound to deliver the funds to the party rightfully entitled thereto and after hearing and adjudication . . . ." *In re Casco Chemical Co.*, 335 F.2d 645, 649 (5th Cir. 1964) (citing *The Lottawanna,* 87 U.S. (20 Wall.) 201, 224 (1874)); *see also In re Moneys Deposited in & Now Under the Control of the U.S. Dist. Ct. for the W. Dist. of Pa.*, 243 F.2d 443, 445 (3d Cir. 1957) (unclaimed bankruptcy dividends deposited into court account are held by the court "as statutory trustee for the rightful owners when and if they are determined by the court") (citing *United States v. Klein*, 303 U.S. 276 (1938)).

Second, the use of Rule 67 and the disbursement of such funds pursuant to 28 U.S.C. §§ 2041 and 2042 appear to be appropriate in this circumstance. In *Brown Wholesale Electric Co v. Trustees of the Hawaii Electricians Annuity*, 179 F.3d 829 (9th Cir. 1999), for example, the parties to the suit partially settled the case, and the general contractor agreed to deposit into court

5

the settlement funds due to the project's electrical subcontractor. Judgment creditors of the subcontractor intervened and moved to release a portion of the funds. The court allowed their release.

Prior to disbursing any funds here, though, the court believes it prudent to ensure that the other creditors referenced by Carnell have received appropriate notice that funds might be available to them. *Cf., e.g., In re Searles*, 166 F.2d 475, 477 (2d Cir. 1948) (allowing a creditor to receive monies from fund deposited into court to the exclusion of other creditors where the other creditors had been given notice of the petition by publication and failed to appear); *cf. In re Pena*, 456 B.R. 451, 455 (Bankr. E.D. Cal. 2011) (in context of resolving applications for unclaimed bankruptcy funds, stating that "[w]hen a secured creditor seeks to recover unclaimed funds from the court's registry, the debtor(s) are entitled, at a minimum, to receive notice of the creditor's application").

The court is not convinced that all of the entities or persons who may be entitled to claim such funds have received adequate notice of their availability. The only document in the case that reflects notice being given to other potential creditors is DRHA's motion seeking leave to deposit the funds. That motion was served on the parties to this case through the court's electronic filing system and mailed to nine other potential claimants or their counsel (including Selco, although apparently not WVWA), all of whom were identified in DRHA's supporting memorandum as either known creditors of Carnell, or as an entity who had served notice on DRHA of a lien against Carnell. (*See* Dkt. No. 807 at 2–3 (identifying parties); Dkt. No. 807 at 5–6 & Dkt. No. 806 at 3–4 (certificates of service for DRHA's motion and memo)). None of the other filings related to the funds, however, indicate that they were served on, or otherwise provided to, these additional creditors of Carnell. Thus, it appears that these potential claimants

6

Case 4:15-cv-00021-EKD   Document 11   Filed 06/08/15   Page 6 of 8   Pageid#: 59

did not receive notice of the order allowing the deposit of funds, notice of the funds being deposited, or notice of the petitions of WVWA and Selco.

Moreover, although DRHA identified Carnell's creditors that were known to DRHA, the court concludes that Carnell is in a better position to identify and provide those creditors or lienholders with notice of the available funds. Indeed, Carnell's response to the two petitions both references other creditors and suggests that some might have claims with priority over WVWA and Selco's claims.

In light of the foregoing background, the court will require that appropriate notice be provided to Carnell's known creditors before disbursing any of the deposited funds. Furthermore, such notice is most appropriately made by Carnell. Thus, the court will require Carnell to provide notice of the funds' existence to any creditor or lienholder that may have an interest in the deposited funds, by furnishing a copy of this memorandum opinion and the accompanying order. The court will also provide those potential claimants the opportunity to file claims or respond to the pending claims by WVWA and Selco.

The court further concludes that the issue regarding the proper disbursement of funds is a separate and distinct issue from the remaining issues and the retrial in this case, that the disbursement will involve different parties, and thus that the proceeding to determine the proper distribution of the funds should be docketed as a separate civil action, similar to an interpleader action. Accordingly, the court will direct the clerk to open a new and separate civil action, and will provide additional instructions for the administration of that action, including a briefing timeline for providing notice and for the receipt of additional petitions or claims. An appropriate order will be entered.

### III.  CONCLUSION

For the foregoing reasons, the clerk will be directed to open a new civil case per the instructions in the accompanying order, the two pending motions will be addressed in the new case, Carnell will be required to provide notice as discussed herein, and a briefing order will be established.

Entered: June 8, 2015.

*Elizabeth K. Dillon*
United States District Judge

8

Case 4:15-cv-00021-EKD   Document 11   Filed 06/08/15   Page 8 of 8   Pageid#: 61